**Arthur H. WEINBERGER, Plaintiff,**

v.

**PIEDMONT INDUSTRIES, INC. RETIREMENT INCOME PLAN, and Martin L. Morrow, Arlene Morrow, E.F. Brent and William R. Jolly, individually and in their capacities as members of the Committee of the Piedmont Industries, Inc. Retirement Income Plan, Defendants.**

**No. 80 Civ. 5143 (JES).**

United States District Court, S.D. New York.

July 8, 1983.

Burton H. Zuckerman, New York City, for plaintiff.

Willkie, Farr & Gallagher, New York City, for defendants; Robert J. Kheel, Gary W. Howell, New York City, of counsel.

OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff, Arthur Weinberger, a former employee of Piedmont Industries, Inc. ("Piedmont"), commenced this action against Piedmont Industries, Inc. Retirement Income Plan (the "Plan"), a qualified employee pension plan within the meaning of § 401(a) of the Internal Revenue Code of 1954 and an employee benefit plan within the meaning of § 3 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002 and Martin L. Morrow, Ar-

lene Morrow, E.F. Brent and William R. Jolly, individually and as members of the Plan's Retirement Committee (hereinafter collectively the "Committee"), alleging that he was improperly denied a lump sum payout of the cash value of his benefits under the Plan.

The following facts are undisputed. Plaintiff commenced employment with Piedmont on February 2, 1961. Pre-Trial Order, Undisputed Facts, para. 17 (hereinafter "PTO"). On June 9, 1978, plaintiff was hospitalized and, thereafter, performed no further duties for Piedmont. *Id.* at para. 19. He submitted his resignation in July of 1978, *id.* at para. 20, but continued to receive his salary until December 28, 1978, *id.* at 21.

On January 29, 1979, plaintiff sent a letter to the Committee indicating that he wished to defer receipt of his pension until he reached age sixty-five and requested a lump sum payout at that time. Exhibit 4, Parties' Exhibits to Pre-Trial Order (hereinafter "Ex. ___"). By letter dated April 1, 1980, the Committee denied plaintiff's request for a lump sum payout, and stated that it was the Committee's policy to consent to such payments only if the employee remained in active service until age sixty-five. Ex. 5. Plaintiff requested reconsideration of the Committee's decision by letter dated April 29, 1980 on the grounds: (1) that he was forced to retire prior to age sixty-five; (2) that the Committee's policy was changed after he retired; and (3) that, since he had received no reply to his letter of January 29, 1979, he was entitled to assume that his request for a lump sum payout had been approved. Ex. 6. The Committee responded to plaintiff's request for reconsideration by letter dated May 20, 1980, Ex. 7, and adhered to its previous position. *Id.*

Plaintiff contends that he is entitled to a lump sum payout because the Committee failed to give him written notice of the denial of his request within sixty days after he made that request. Plaintiff argues that, since the Plan's claim review procedure requires the Committee to disapprove his request within sixty days, Ex. 3 at 13, the Committee must be deemed to have approved his request. Defendants contend, however, that the Committee had no duty to respond to the January 29th letter because it was not transmitted "within a reasonable time prior to the date his benefits [were] to commence." Ex. 3 at 12.

On November 1, 1982, after hearing oral argument and considering the evidence proffered by the parties, the Court made the following findings of fact: (1) that, pursuant to the terms of the Plan, Ex. 3 at 12, and Piedmont's practice, Ex. 10 at paras. 3, 5, the election period, i.e. the period within which plaintiff could choose the manner in which benefits were to be paid under the Plan, did not begin to run until plaintiff was contacted by the Plan regarding his choice of form of payment of benefits; (2) that the January 29th letter did not trigger the running of the election period; (3) that the Committee's failure to respond to the January 29th letter was not tantamount to an approval of plaintiff's request to be paid in a lump sum; (4) that the Committee acted in good faith consistent with their fiduciary obligations to protect the assets of the Plan;[1] and (5) that the Plan should not be estopped from denying plaintiff's request because of its failure to respond to the January 29th letter. Transcript of Proceedings of November 1, 1982 at 3–5. Notwithstanding these findings, at plaintiff's request, the Court permitted post-trial memoranda to be filed to allow the parties a further opportunity to brief any additional matters deemed relevant to the disposition of this case.

In his post-trial memorandum, plaintiff again argues that defendants' failure to act on his January 29, 1981 request for a lump

---

1. The Court is not persuaded that the finding of good faith is impugned by the fact that a lump sum payment was made to a member of the Committee. As is more fully discussed in n. 2, *infra,* that lump sum payment was made to a person who had worked until 65, a class of persons which the Court finds could rationally be treated differently than the plaintiff, who retired before reaching that age.

sum payout was tantamount to the conferral of a benefit of which he could not be deprived by a policy enacted after he retired.[2]

█ The Court already has rejected the argument that the Committee's failure to respond was tantamount to granting his request. The Court also rejects the claim that the denial of a lump sum payment constituted the denial of a benefit. *See Pompano v. Michael Schiavone & Sons, Inc.,* 680 F.2d 911 (2d Cir.1982). The cases relied on by plaintiff are factually inapposite. In each of those cases plaintiff was denied retirement benefits. *See, e.g., Saunders v. Teamsters Local 639, Employees Pension Trust,* 667 F.2d 146 (D.C.Cir.1981).

Accordingly, defendants are entitled to judgment. Costs shall be assessed against plaintiff. Each party shall bear its own attorney's fees.

It is SO ORDERED.

---

2. Plaintiff has but recast in different terminology the argument he made at the time of trial. He now contends that his right to a lump sum payout was "perfected" 60 days after receipt of his January 29th letter and that the subsequently adopted resolution constitutes a "divestiture" of benefits. Plaintiff's Post-Trial Memorandum at 2.

He also argues that, since defendant Jolly received a lump sum payout of $87,200 in July 1980 after Piedmont had filed a Chapter XI petition, Plaintiff's Ex. 12 at 7, the Committee's action in denying his request was discriminatory, arbitrary and capricious. Plaintiff's Post-Trial Memorandum at 8. That contention lacks merit. Jolly, unlike plaintiff, was still employed when he attained age 65. The Court finds that it was entirely rational for the Committee to draw a distinction between those who worked until 65, and those who did not, in deciding whether a lump sum payment should be permitted. Plaintiff has proffered no evidence that other persons who retired before 65, for reasons of health or otherwise, were granted lump sum payouts. Nor could he make such a showing since there are no other such persons. Transcript of Proceedings of February 22, 1982 at 7.